```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Norfolk Division

DOMINIC MIDGETT, # 305160,

            Petitioner,

v.                                      ACTION NO. 2:04cv565

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

            Respondent.
```

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Dominic Midgett ("Midgett") was convicted in the Circuit Court of the City of Portsmouth, Virginia on November 2, 2001, of possession of marijuana with intent to distribute and sentenced to four years imprisonment.

Midgett appealed to the Court of Appeals of Virginia, which denied his appeal on June 14, 2002. Following review by a three-judge panel, the Court of Appeals, by final order of August 23,

2002, again denied Midgett's appeal. Midgett's subsequent appeal to the Supreme Court of Virginia was denied on January 23, 2003. Midgett did not file a petition for certiorari in the United States Supreme Court.

On December 17, 2003, Midgett filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia. This petition was dismissed without prejudice by order of January 27, 2004 because Midgett failed to exhaust his state remedies. On March 11, 2004, Midgett filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. The Virginia Supreme Court dismissed Midgett's petition, on June 14, 2002, finding that it was not timely filed in accordance with Virginia's habeas statute of limitations, Virginia Code § 8.01-654(A)(2).

On August 23, 2004, while in the custody of the Greensville Correctional Center in Jarratt, Virginia, Midgett filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

---

[1] Petitioner executed and dated the instant petition on August 23, 2004. This Court received the petition on September 24, 2004. The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. The Court also notes that the Court of Appeals for the Fourth Circuit has reserved the question of whether the prison mailbox rule, established in Houston v. Lack, 487 U.S. 266 (1988), extends to an application for collateral review filed in district court. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001); United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000). Nevertheless. the rationale behind the holding in Houston, that prisoners "file" an appeal when they deliver it to

2

On November 8, 2004, the respondent filed a Motion to Dismiss and Rule 5 Answer, accompanied by a brief in support.

### B. Grounds Alleged

Midgett now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

> (a) Petitioner received ineffective assistance of counsel in several respects; and
>
> (b) The trial court abused its discretion by imposing a sentence in excess of the sentencing guidelines.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Midgett's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct

---

prison officials for mailing because a pro se prisoner has no choice but to entrust the forwarding of his documents to prison authorities whom he cannot control and who may have incentive to delay, is an appropriate consideration in applications for collateral review in district court. Accordingly, for statute of limitations purposes, the Court adopts the prison mailbox rule for federal habeas petitions and considers Midgett's petition as filed on the day he gave it to prison officials to mail. See Lewis v. Richmond City Police Dept., 947 F.2d 733, 735-36 (4th Cir. 1991). As there is no evidence in the record to suggest that Midgett delivered his petition for mailing on any other day, the Court will assume that he delivered it for mailing on August 23, 2004, the date on which he signed it.

    review or the expiration of the time for
    seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

  Midgett had one year from the date on which his conviction became final to file a petition for federal habeas corpus. His conviction became final on April 28, 2003, ninety days after the January 28, 2003 refusal of his request for appeal by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired. See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, Midgett had until April 27, 2004 to file his federal petition for a writ of habeas corpus. Midgett did not file the instant federal petition until August 23, 2004, which was approximately 117 days after and outside the limitation period.

  A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction review remains pending. 28 U.S. § 2244(d)(2). Such an application remains pending throughout this review process including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003)(a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial

court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))). This tolling provision does not, however, apply to federal habeas petitions. Duncan v. Walker, 533 U.S. 167, 172 (2001).[2]

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather:

> an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. (emphasis added). See also Pace v. DiGugliemo, 544 U.S. __, 2005 WL 957194 (Apr. 27, 2005)("we hold that time limits, no matter their form, are 'filing conditions.' Because the state court rejected petitioner's ... petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). An application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a pending application that does not toll the limitation period. Id. at 9.

In this case, the statute of limitations was not tolled while

---

[2] The Supreme Court in Duncan v. Walker, 533 U.S. 167, 172 (2001) held that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2) because the word "State" applies to the entire phrase "post-conviction or other collateral review." Only State "other collateral review" tolls the limitation period. Id.

5

Midgett's first habeas petition was pending in this Court from December 17, 2003 to January 27, 2004 because the tolling provision does not apply to federal habeas petitions.

The statute of limitations also was not tolled while Midgett's habeas petition was pending in the Supreme Court of Virginia because it was not properly filed . His state petition filed on March 11, 2004 was not properly filed within the meaning of § 2244(d)(2) because it was untimely: on June 14, 2004, the Supreme Court of Virginia summarily dismissed Midgett's habeas petition as untimely, pursuant to Virginia Code § 8.01-654(A)(2).[3]

The deadline for Midgett to file his federal petition for habeas corpus remained April 27, 2004 and he was approximately 117 days after and outside the limitation period when he filed it on August 23, 2004.

Accordingly, the Court FINDS that the petition is time-barred.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Midgett's petition for writ of habeas corpus be DENIED, the respondent's motion to dismiss be GRANTED, and all of Midgett's claims be DISMISSED WITH PREJUDICE.

---

[3] "A habeas corpus petition attacking a criminal conviction or sentence ... shall be filed within two years from the date of final judgement in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01-654(A)(2)(Michie 2004).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).
ENTERED this 12th day of May, 2005.

```
                                        /s/
                              F. Bradford Stillman
                              United States Magistrate Judge
```

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Dominic Midgett, #305160
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia 23870-9614

Josephine F. Whalen
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

                              Elizabeth H. Paret, Clerk

                    By: _____
                         Deputy Clerk

                         May     , 2005